CONFORMING COPY

FILED
2008 JUL 28 PM 12:20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

1  ROBERT H. ROTSTEIN (SBN 72452),
   rxr@msk.com
2  WADE B. GENTZ (SBN 249793),
   wbg@msk.com
3  ERIC S. BOORSTIN (SBN 253724),
   esb@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MOVIERUMOR.COM, a business entity of unknown form; and DOES 1 through 5, inclusive,<br><br>Defendants. | CASE NO. **CV08-04931** **RSWL (SHx)**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, *ET SEQ.*)** |

Dockets.Justia.com

Plaintiffs Universal City Studios Productions LLLP, Warner Bros. Entertainment Inc., and New Line Productions, Inc. (collectively, "Plaintiffs") for their Complaint against defendants Movierumor.com and Does 1 through 5 (collectively, "Defendants") allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages and for injunctive and related relief against Defendants for violations of the United States Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* This action arises out of Defendants' infringement of copyrights in numerous motion pictures and other audiovisual works to which Plaintiffs own or control copyright and/or exclusive distribution rights ("Plaintiffs' copyrighted works").

2. Defendants own and operate the website www.movierumor.com ("Movierumor" or the "Website"), whose purpose is to promote, facilitate, and profit from the infringement of Plaintiffs' copyrighted works. Movierumor is a for-profit "one-stop-shop" for infringing copies of Plaintiffs' copyrighted works. Specifically, Defendants post, organize, search for, identify, collect and index links to infringing material that is available on third-party websites (including, for example, the third party website www.youku.com). Defendants profit from their misconduct by displaying advertisements adjacent to the infringing content (including Plaintiff's copyrighted works) that plays on their site. Defendants' conduct constitutes copyright infringement.

3. As alleged in detail below, by virtue of their conduct, Defendants violate the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

## THE PARTIES

4. Plaintiff Universal City Studios Productions LLLP ("UCSP") is a limited liability limited partnership duly organized under the laws of the State of Delaware with its principal place of business located in Universal City, California.

5. Plaintiff Warner Bros. Entertainment Inc. ("Warner Bros.") is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business located in Burbank, California.

6. Plaintiff New Line Productions, Inc. ("New Line") is a corporation duly incorporated under the laws of the State of California with its principal place of business located in Los Angeles, California.

7. Defendants own and/or operate a website, www.movierumor.com, at the Internet Protocol address 208.100.8.140. Plaintiffs are informed and believe, and based thereon allege, that Defendants engage in and profit from infringing activity in this judicial district.

8. Defendant Movierumor.com is a business entity of unknown form.

9. Plaintiffs are unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 5, inclusive. Plaintiffs are informed and believe, and based thereon allege, that DOES 1 through 5, and each of them, either directly performed the acts alleged herein or were acting as the agent, principal, alter ego, employee, representative, or otherwise participated in the acts alleged herein with Defendants. Accordingly, defendants DOES 1 through 5 are each liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Plaintiffs as alleged herein. Plaintiffs will amend the Complaint to state the true names of defendants DOES 1 through 5 when their identity is discovered.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (any act of Congress relating to copyright) and under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

12. This Court has personal jurisdiction over Defendants because, *inter alia*, (a) each of the Defendants or their respective agents are doing business in this district, and (b) Plaintiffs are informed and believe, and on that basis allege, that a substantial part of the wrongful acts committed by Defendants, and each of them, have occurred in interstate commerce, in the State of California, and in the Central District of California.

**BACKGROUND FACTS**

**Plaintiffs' Copyrighted Works**

13. Plaintiffs and certain of their affiliates are producers, distributors, and/or exclusive licensees of motion pictures and television programs in the United States. Plaintiffs are, among other things, engaged in the business of developing, producing, distributing, and/or licensing to others, the right to copy, distribute, transmit, and exhibit copyrighted motion pictures, television programs and/or other audiovisual works.

14. Plaintiffs, either directly or through their affiliates or licensees, distribute their copyrighted works in various forms including, without limitation, for exhibition in theaters, through television broadcasts, over the Internet, and through cable and direct-to-home satellite services (including basic, premium, "pay-per-view," and "video on demand" ("VOD") television services). In addition, Plaintiffs distribute their motion pictures and television programs on digital versatile discs ("DVDs") and other formats, including next generation and

high definition discs, by selling them directly or indirectly to the home viewing market or licensing them to others to do so. Plaintiffs also distribute their copyrighted works, among other ways, through Internet-based streaming and download services and other media or license others to do so. Plaintiffs also offer streaming video clips of many of their popular television shows and other copyrighted works through their own websites (such as www.wb.com) or through licensees.

15. Each Plaintiff or its predecessor-in-interest is the owner or exclusive licensee of United States copyrights in a substantial number of motion pictures and/or television programs. Attached hereto as Exhibit A and incorporated herein by reference is an illustrative schedule of some of the motion pictures in which Plaintiffs own the copyrights or exclusive reproduction, distribution, public performance, and public display rights.

16. By way of illustration, Plaintiffs are the owners of United States copyrights or the exclusive reproduction, distribution, public performance, and public display rights in the following motion pictures: Plaintiff UCSP (*Definitely Maybe*), Plaintiff Warner Bros. (*10,000 B.C.*), and Plaintiff New Line (*Mr. Woodcock*).

17. Plaintiffs have registered with the United States Copyright Office their copyrights in the works identified in Paragraph 16 above and in Exhibit A.

18. Plaintiffs and certain of their affiliates have invested (and continue to invest) substantial sums of money and effort each year to develop, produce, and distribute motion pictures and/or television programs protected under copyright and other laws. Defendants' actions, as described below, infringe Plaintiffs' exclusive rights under the Copyright Act and other laws and diminish the economic value of such rights.

4

**Defendants' Unlawful Activities**

19. As alleged hereinabove, Defendants operate a website called Movierumor, located at www.movierumor.com. The primary purpose of Movierumor is to disseminate to its users content that has been unlawfully reproduced, distributed, publicly performed, and/or publicly displayed that is available on third-party Internet websites. Movierumor facilitates the ability of its users to have access, on demand, to copyrighted movies and other audiovisual works that have been unlawfully reproduced, distributed, publicly performed, and/or publicly displayed in violation of Plaintiffs' copyrights.

20. Defendants' website is a one-stop shop for infringing material. Specifically, Defendants' Movierumor website provides links to infringing content available on third-party websites. Defendants make such infringing content easily accessible to users by creating and maintaining an index of links to the infringing content available on third-party sites. Virtually all of the content indexed on and available via Movierumor's website is infringing, unauthorized copyrighted content, including Plaintiffs' copyrighted works.

21. The homepage of Movierumor at www.movierumor.com features an index of links to infringing content organized into categories such as "Action/Adventure," "Comedy," and "Drama." Under each of these categories, Movierumor lists the titles of the particular infringing copyrighted works available for viewing on its website. Among these titles are works that are currently being exhibited in movie theaters (*e.g.*, *Forgetting Sarah Marshall*).

22. To watch an infringing copy of a work using Defendants' Movierumor site, the user clicks on the title of a particular infringing work (*e.g.*, the motion picture *I Am Legend*) from Movierumor's index. A page then appears on the Movierumor site in which the work is performed and displayed on an embedded video player. The Movierumor page displaying this embedded video player also contains advertisements.

23. In furtherance of creating and posting the index of links to infringing content, which Movierumor makes available to its users at the click of a mouse, the Movie website also allows users to submit new links to infringing copyrighted works and to report broken links.

24. Plaintiffs are informed and believe, and based thereon allege, that Defendants manage their website by identifying, selecting, posting, and organizing links to third-party websites containing infringing content. Defendants exercise control over the selection and organization of the links to infringing content available on their website.

25. Virtually all of the content available for streaming through Movierumor is infringing copyrighted video content, including Plaintiffs' copyrighted works. Furthermore, Defendants know and intend that virtually all of the links on their Movierumor website consist of links to unauthorized infringing copies of copyrighted works, including Plaintiffs' copyrighted works. The fundamental purpose of Movierumor is to further the illegal dissemination and to contribute to the illegal dissemination of infringing works.

26. By virtue of the conduct alleged hereinabove, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, thereby secondarily infringing the copyrights in Plaintiffs' copyrighted works, including but not limited to those listed in Exhibit A attached to this Complaint.

27. On June 23, 2008, Plaintiffs gave notice to Defendants that their website infringes Plaintiffs' copyrights, specifically identifying 15 examples of copyrighted works on Movierumor that are owned or controlled by Plaintiffs and that are being infringed by the Movierumor website. Plaintiffs demanded that Defendants immediately cease the infringement and take steps to ensure that the website does not infringe upon the copyrights of Plaintiffs' copyrighted works in the future. Defendants, however, ignored Plaintiffs' notice, failing either to

remove the links to Plaintiffs' copyrighted works from the Movierumor website or to take steps to ensure that their website does not infringe upon the copyrights of Plaintiffs' copyrighted works in the future.

28. No Plaintiff has granted any license, permission, authorization, or consent to Defendants to use or exploit any of Plaintiffs' copyrighted works. Instead, in violation of Plaintiffs' rights under copyright law, Defendants have willfully, intentionally, and knowingly facilitated, enabled, induced, and materially contributed to infringing uses thereof.

29. Defendants' conduct causes substantial harm to Plaintiffs and to their intellectual property. Among other things, Defendants' conduct interferes with the continued growth and development of numerous emerging legitimate services offering consumers a means to obtain and view copies of audiovisual works on the Internet and through other channels of distribution.

## FIRST CLAIM FOR RELIEF

**(Contributory Copyright Infringement)**

**17 U.S.C. §§ 101, *et seq.***

30. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Plaintiffs own the United States copyrights or the pertinent exclusive rights, including without limitation reproduction, distribution, public performance, and public display rights, in and to the copyrighted works listed in Paragraph 16 and in Exhibit A, as well as many other motion pictures and other audiovisual works.

32. Plaintiffs (or their predecessors) have obtained copyright registration and/or preregistration certificates for each work listed in Exhibit A. In doing so, Plaintiffs have complied in all respects with 17 U.S.C. §§ 101, *et seq.*, the statutory

7

deposit and registration requirements thereof, and all other laws governing federal copyrights.

33. By virtue of the availability of infringing copies of Plaintiffs' copyrighted works on third-party websites, Plaintiffs' exclusive rights of reproduction, distribution, public performance, and public display have been infringed in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

34. Defendants know or have reason to know of the aforesaid infringement of Plaintiffs' copyrighted works, and Defendants materially contribute to and further such infringement. The infringement of Plaintiffs' copyrighted works on Movierumor.com is open and notorious. Furthermore, the purpose and function of Movierumor is the illegal dissemination of Plaintiffs' copyrighted works. Plaintiffs' copyrighted works are well-known and recognizable, and even a cursory review of the Movierumor website reveals that it provides access to numerous infringing copies of Plaintiffs' motions pictures and other audiovisual works.

35. Moreover, while unnecessary to establish Defendants' knowledge of the blatant and extensive infringement promoted by their website, Plaintiffs provided Defendants with written notice of infringement of Plaintiffs' copyrighted works occurring via the Movierumor website, and Defendants failed to halt their infringing activities.

36. By enabling, causing, facilitating, materially contributing to, and encouraging the unauthorized reproduction, distribution, public performance, and public display of Plaintiffs' copyrighted works (including the works listed in Exhibit A) in the manner described above, with full knowledge of the illegality of such conduct, Defendants contribute to and induce a vast number of copyright infringements, including infringements of Plaintiffs' copyrighted works, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

37. The unauthorized reproduction, distribution, public performance, and public display of Plaintiffs' copyrighted works that Defendants enable, cause, materially contribute to, and encourage through the acts described above are without Plaintiffs' consent and are not otherwise permissible under the Copyright Act.

38. Plaintiffs are informed and believe, and based thereon allege, that the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' copyrights and exclusive rights under copyright.

39. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs have sustained and will continue to sustain actual damage. Plaintiffs are entitled to their actual damages plus Defendants' profits from infringement of Plaintiffs' copyrighted works, as will be proven at trial. Alternatively, at Plaintiffs' election, Plaintiffs are entitled to the maximum statutory damages as permitted by federal copyright law.

40. Defendants' acts have caused and continue to cause substantial irreparable harm to Plaintiffs. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

41. Plaintiffs are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

## (Inducement of Copyright Infringement)

### 17 U.S.C. §§ 101, *et seq.*

42. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 29 and 31 through 33, inclusive, as though fully set forth herein.

43. Defendants are liable under the Copyright Act for inducing and encouraging the acts of direct copyright infringement hereinabove alleged. Defendants operate the Movierumor website service with the object of promoting the use of the website to infringe Plaintiffs' copyrights, evidenced by Defendants' clear expression and/or other affirmative steps taken to foster infringement.

44. Defendants' unlawful objective to promote infringement is demonstrated by numerous indicia including, without limitation, their operation of a website that is almost exclusively devoted to the infringement of copyrighted works and that takes affirmative steps to build a vast virtual library of links to such infringing works, by satisfying a source of demand for copyright infringement, by failing to develop or employ any tools or other mechanisms to diminish infringement on Defendants' site, and by incorporating a business model which uses infringing content to attract a high volume of visitors to the site for the purpose of selling advertising.

45. Defendants' acts constitute inducement of copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

46. Plaintiffs are informed and believe, and based thereon allege, that the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' copyrights and exclusive rights under copyright.

47. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs have

sustained and will continue to sustain actual damage. Plaintiffs are entitled to their actual damages plus Defendants' profits from infringement of Plaintiffs' copyrighted works, as will be proven at trial. Alternatively, at Plaintiffs' election, Plaintiffs are entitled to the maximum statutory damages as permitted by federal copyright law.

48. Defendants' acts have caused and continue to cause substantial irreparable harm to Plaintiffs. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

49. Plaintiffs are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in their favor and against Defendants, as follows:

(a) adjudge and declare that Defendants' activities constitute contributory copyright infringement and inducement of copyright infringement, respectively;

(b) preliminary and permanently enjoin, pursuant to 17 U.S.C. § 502, Defendants and their officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all those acting directly or indirectly in concert or participation with any of them, from contributorily infringing by any means and/or inducing copyright infringement by any means of the exclusive rights of Plaintiffs and their affiliates under the Copyright Act, including, but not limited to, any of Plaintiffs' and Plaintiffs' affiliates' rights in any of the copyrighted works listed in Exhibit A;

(c) award damages that Plaintiffs have sustained or will sustain by reason of Defendants' copyright infringement and all profits derived by Defendants from such conduct, or in lieu thereof, should Plaintiffs so elect, such statutory damages

as the Court shall deem proper as provided in 17 U.S.C. § 504(c), including damages for willful infringement for each act of copyright infringement;

 (d) award Plaintiffs' costs and reasonable attorneys' fees in accordance with 17 U.S.C. § 505;

 (e) award Plaintiffs pre-judgment and post-judgment interest according to law; and

 (f) award Plaintiffs such further and additional relief as the Court may deem just and proper.

DATED: July 28, 2008

ROBERT H. ROTSTEIN
WADE B. GENTZ
ERIC S. BOORSTIN
MITCHELL SILBERBERG & KNUPP LLP

By: *[signature]*
Wade B. Gentz
Attorneys for Plaintiffs

# EXHIBIT A

## Exhibit A

| Title | Owner | Reg. No. |
|---|---|---|
| *10,000 B.C.* | Warner Bros. Entertainment Inc. | PA1-599250 |
| *Be Kind Rewind* | New Line Productions, Inc.; Junkyard Prods LLC | PAu003050144 |
| *Definitely, Maybe* | Universal City Studios Productions LLLP | PA1-594-772 |
| *Doomsday* | Internationale Filmproduktion; Universal City Studios Productions LLLP | PA1-594-317 |
| *Forgetting Sarah Marshall* | Universal City Studios Productions LLLP | Pre-Registration No. 000001154 |
| *Harold & Kumar: Escape From Guantanamo Bay* | Going South Productions, LLC | PAu003339764 |
| *I Am Legend* | WV Films IV LLC | PA1-590-883 |
| *Mr. Woodcock* | Macron Filmproduktion; New Line Productions, Inc. | PA1-594-313 |
| *Sex And The City* | IFP Westcoast Erste; Home Box Office; New Line Productions, Inc. | Pre-Registration No. 000001271 |
| *Speed Racer* | WV Films IV LLC | Pre-Registration No. 000001169 |
| *Welcome Home Roscoe Jenkins* | Universal City Studios Productions LLLP | PA1-593-188 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV08- 4931 RSWL (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ROBERT H. ROTSTEIN (SBN 72452),
rxr@msk.com
WADE B. GENTZ (SBN 249793),
wbg@msk.com
ERIC S. BOORSTIN (SBN 253724),
esb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a California corporation<br>PLAINTIFF(S)<br>V.<br>MOVIERUMOR.COM, a business entity of unknown form; and DOES 1 through 5, inclusive<br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-04931 RSWL (SHx)<br><br><br>SUMMONS |

TO:DEFENDANT(S): <u>THE ABOVE-NAMED DEFENDANTS</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Wade B. Gentz, Mitchell Silberberg & Knupp LLP</u>, whose address is <u>11377 West Olympic Boulevard Los Angeles, California 90064</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____JUL 28 2008_____ By: ____NATALIE LONGORIA_____
                                        Deputy Clerk
                                        (Seal of the Court)

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)             **SUMMONS**          American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**(a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a California corporation

**DEFENDANTS**
MOVIERUMOR.COM, a business entity of unknown form; and DOES 1 through 5, inclusive

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Los Angeles

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ROBERT H. ROTSTEIN (SBN 72452)
WADE B. GENTZ (SBN 249793)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683

**Attorneys (If Known)**

---

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☐ **MONEY DEMANDED IN COMPLAINT:** $ 0.00

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COPYRIGHT INFRINGEMENT (17 U.S.C. SECTIONS 101, ET SEQ.)

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

**FOR OFFICE USE ONLY:** Case Number: **CV08-04931**

V-71 (07/05)   CIVIL COVER SHEET   American LegalNet, Inc. www.USCourtForms.com   Page 1 of 2

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☐ No  ☒ Yes

If yes, list case number(s): CV 07-4185; CV 07-6258; CV 07-7837; and CV 08-2530

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☒ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
LOS ANGELES COUNTY

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
UNKNOWN

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
LOS ANGELES COUNTY

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature]    Date July 28, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |